ANNA B. STEWART, Respondent, *v.* THE UNION MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Life insurance — when a premium will be presumed to have been paid — demurrer to a complaint not alleging its payment.*

The complaint in an action upon a policy of life insurance which contained a condition that the first premium must be paid on delivery, alleged that the policy was made, executed and delivered for value received.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, in that it did not allege that the first premium was paid or that its payment was waived.

*Held,* untenable.

That, as the complaint alleged that the policy had been duly executed and delivered for value, the presumption was that, since the company could exact the premium before delivery, it had done so or that credit had been given.

That if, as matter of fact, it had not been paid, the objection should have been raised by answer, it being a fact which did not appear upon the face of the complaint.

APPEAL by the defendant, the Union Mutual Life Insurance Company, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of December, 1891, overruling a demurrer to the complaint and directing final judgment unless the defendant answered over within twenty days.

*Sawyer & Getty,* for the appellant.

*Samuel B. Paul,* for the respondent.

VAN BRUNT, P. J.:

We think that the whole difficulty with the defendant's argument in support of its demurrer is that it assumes facts which do not appear. One of the facts upon which it relies it states to be that the insured obtained possession of the policy of insurance in question without paying anything therefor. The complaint not only does not contain any such statement, but, on the contrary, it alleges that the policy was made, executed and delivered on April 19, 1890, for value received, a fact which is admitted by the demurrer. It further alleges the purport of the policy; death of the assured on

August 14, 1890; furnishing of proper proofs of death; demand of payment and refusal.

Attached to the complaint is a copy of the policy, which contains the following clause:

"The policy is issued upon and subject to the following conditions, and the conditions stated in the second page of this policy, all of which are hereby referred to and made a part hereof. That the first year's premium of one hundred and twenty-three dollars and ten cents shall be paid at the home office on the delivery of this policy," etc.

The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is claimed that, because it is not alleged that the $123.10 agreed to be paid on delivery of the policy has been paid, or that its payment has been waived, the complaint is defective.

This position cannot be sustained, because the allegation of the complaint is that the policy had been duly executed and delivered for value, and the presumption would be, as the company could exact the first premium on delivery of the policy, that it had been paid, or if it had not been paid that a credit was intended. (*Miller v. Life Ins. Co.*, 12 Wall., 285–303.) It is urged that the case cited has no application, because in that case the condition was a condition subsequent, and not a condition precedent as in this case. The application in the case cited contained an express agreement that the policy should not be binding until premium paid, whereas this policy does not contain any condition that it shall not attach or be operative unless the first premium has been paid. Thus the case at bar is much stronger in favor of the respondent than the case cited. The company have a right to exact the premium on delivery of the policy, but if they deliver such policy without such payment they are presumed to have intended to give credit.

In the case of *Bogardus v. New York Life Insurance Company* (101 N. Y., 328–335) it appears that the failure to make certain payments avoided the policy, an entirely different case from the one at bar.

It is undoubtedly true that a complaint must allege a performance of conditions precedent, or if a waiver is claimed it must be pleaded;

but in the case at bar facts are alleged which show either a performance of the condition or a waiver, if the condition has not been performed, viz., due execution and delivery of the policy. Hence the defendant must raise the issue by answer, and not by the assumption of facts which do not appear upon the face of the complaint.

The judgment should be affirmed, with costs; defendant to have leave to answer upon payment of costs of appeal and costs of court below.

O'BRIEN and PATTERSON, JJ., concurred.

Judgment affirmed, with costs; defendant to have leave to answer upon payment of costs of appeal and costs of court below.